And we'll hear our next case of Smith and Wesson v. Attorney General All righty All right We'll hear from counsel. Good morning, may it please the court. I'm Courtney Seleski from DLA Piper on behalf of Smith and Wesson I've asked to reserve five minutes of rebuttal. Okay, that'll be granted As your honors no doubt are aware and just maybe have witnessed This is not Smith and Wesson's first time at the U.S. Court of Appeals for the Third Circuit in this case We have On behalf of Smith and Wesson we've been trying to present our section 1983 claims in federal court for three years And this is our second trip year After being dismissed again on improper procedural grounds This is a federal civil rights case in the district court And as this court no doubt is aware The implications of this case are far reaching beyond just the civil rights at issue today And what the New Jersey What the state of New Jersey is asking this court to do is bar these federal constitutional claims By way of the preclusion doctrine that New Jersey courts say is about judicial fairness So what was unfair here? If you've you've raised your arguments in the federal forum you raised the arguments in the state forum the state says Well, there you go. You had your chance. You had your bite at the apple What's the problem? There are a couple of problems. The first one is Is the decision by the district court? There's been an appellate division decision that Affirmed the district court but did so on the grounds of rightness And so that decision but in fairness, wasn't that an alternate holding I I that is not our position and that's because these decisions are really irreconcilable Sizable and that's because the rightness doctrine is about Whether or not an issue is ready to be reviewed by a court And so when the appellate division said these issues are premature that meant that the constitutional Claims were not ready to be evaluated by the court below or by the appellate division So it's not a case where the like the alternative Holdings could exist Is independent of each other? It's a case where the appellate division's decision is irreconcilable With the alternative or alleged alternative holding of the chancery court the chancery court's decision should not Preclude anything here anymore because of the new decision by the appellate Division that was on rightness ground alone. That court said that it was not it's not time Time to look at those constitutional. Is it preclusive as to at least the n-double-a-c-p versus alpha amicli? I think that that would be an issue preclusion issue that we would need to address Before the district court, I think or you know, sorry your honor if you want to think about it here But I think the argument would be that that issue was decided incorrectly and if the court found that it was incorrect but it could potentially not adopt it because collateral estoppel and other preclusion doctrines are about equity But certainly the lower courts did decide against us on n-double-a-c-p So that would be an issue an estoppel issue that we would have to brief at that time But you know when we get to that Can I ask you if we disagree with you that the appellate division which affirmed the order of the chancery division If that opinion does not Change it or overrule it Do you still prevail? Yes That's because There should have never been issue preclusion in the first place on the chancery court's decision and these arguments are Raised in the alternative in our brief But the main one that I wanted to talk about today is that this summary proceeding in the new jersey State court the chancery court did not provide a full and fair opportunity for us to litigate these constitutional claims And that is the basis under new jersey law to avoid the preclusion doctrine and it should be avoided here All that we cited a number of cases in our briefs all new jersey cases That did not apply preclusion after the first case was a summary action The ap has cited no cases where preclusion was applied by new jersey after a summary action the cases that we cite talk about how summary actions are meant to Be fast acting and don't have the same procedural safeguards as regular litigation What does speed have to do with the chancery court's decision of your legal claims? I guess I understand that to the extent of some sort of complex facts question, but what I take your opposition To the subpoena has been as well as the grab amount of your federal complaint is that this is all Violative of federal law and so you raised the argument that the subpoena was violative of federal law in the chancery division What that it happened quicker? Why why does that make it not a fair and full proceeding? So a few things around our first we didn't get the benefit of any inferences, right? so this was like the best analogy is It was like a 12b6 against a plaintiff so defendant moves For failure to state a claim and the plaintiff wins the whole case it was is this a very odd summary procedure the second is we didn't we weren't able to take any discovery to support our claims and I know that that's been cuckooed by the opposing party in the lower court But at you know One of the main things in our federal case is about bad faith and about motive And we've never been able to explore that and is this the right time to do it? This is just that this is just the subpoena well, our federal case is about the subpoena and the investigation and declarations of rights and you know the Constitutional violations in some parts have occurred because the subpoena was enforced And are continuing to occur because it's chilling speech and this is not an academic issue I'm sure that everyone is aware that the supreme court just granted cert in the bolo case That's nra versus bolo these first amendment issues about second amendment rights are real They're coming to a head and this is one of the cases that it's coming to a head in and it should be It should be resolved by a federal court These are section 1983 claims that are are seeking to address the constitutional rights that have been and continue to be violated By the targeting of second amendment speech to chill that speech and so it it indeed Yes, it is the right time and will continue to be the right time as long as this investigation remains pending and the Ag is using that state authority to suppress So the question of whether the appellate division Decision controls is Is one that we think should be? Should be resolved in our favor your honors and that's because the appellate division Decided the case on right fit and the lower court's decision could not withstand that it decided Constitutional claims before it was supposed to and they weren't claims. That's a misstatement on my part. They were objections That's another factor that goes into this There is not a case that the ag cited Objections to a summary action in new jersey court resulted in claim preclusion later And and that's the part I know like speed is not necessarily the definitive factor But all of the other things that go into it This doesn't this just wasn't a case where the rights were litigated in the way that they deserve to be litigated in federal court There's a thing about the procedure in the summary mechanisms, too That makes everything just a little bit awkward to fit into the case law And that's the in summary actions as we've outlined in our brief the entire controversy doctrine does not apply And this is a little bit of a complicated issue because we you know, it wasn't argued below but the court mentioned it in its decision But the entire controversy doctrine sort of infects almost all the case law about this Because there's this idea that you always need to bring forth Everything that you can in the cases That are first brought but that just doesn't apply in summary actions And I think that's another recognition that summary actions are not appropriate for preclusionary doctrines Because there's just not the same safeguard than because they're meant to affect different Outcomes more quickly So your honor, those are the two main issues that we wanted to address in this case today and that is that The appellate division should control and even if it doesn't we still win The first reason is because there wasn't a full affair opportunity as as as is anticipated In the new jersey case law for preclusion to apply that is not coexistent with due process Procedures which is sort of hinted at in the opposing party's brief It's more than that. If you read the cases of new jersey law, it's about judicial fairness It's about making sure that the claims are litigated before the party Has is held to a preclusion standard The other issue is that the claims in these two cases were distinct under new jersey law And that's another reason why the chancery court's decision would not Smith and wesson's claims in the federal court and the most obvious example is the request for relief. So in In the summary action under the rules, which again are complicated in new jersey these summary action rules Rule one of the court did not provide for a potential mechanism for injunction against the aging The most obvious example of our different requests for relief is that we requested in the federal court the declaration of our rights Under section 1983 that the constitutional rights were being violated as well as injunctive relief against the aging the The state and federal actions in this case appear appear to be one the same. Have you raised any constitutional arguments? in federal court here that you're unable to Raise in the state court No, your honor because we incorporated our briefs before the state court We raised every constitutional argument as an objection To the subpoena action and so, you know, we concede that they were raised what we don't concede is we didn't have a full Opportunity to litigate them and the remedies were certainly different in the two courts that we saw you were talking about distinctness before is it distinct because in the in the federal court action you asked for Not only A declaratory judgment about well, you asked for a declaratory judgment about the investigation, right? In federal court and that was not something you sought in the state court. That's right uh, no, we weren't able to see conjunctive relief in the state court and we we sought a more robust relief in the Federal court relating to the investigation not just the subpoena I'll also say that the just real quick the cases regarding distinctness don't focus on objections Related to a subpoena they focus on like what the claims are in those cases and I think that's again just a product of how it's a little awkward to try to Impose preclusion after a summary action But if the court were to just look at the claims and what they came out of the claim in the chance report was Page smith and wesson hasn't produced documents the claim in the federal court was smith and wesson's Rights and the rights of its consumers have been violated under the constitution. Thank you counsel We'll hear from your adversary. We'll get you back Thank you, your honors may please the court As the calls we've this morning have shown smith and wesson is trying to relitigate this lawsuit in the federal district court After failing to persuade state courts of the same objection in response to the same subpoena via its own cross motion Following this morning's presentation i'll make three points first that the appellate division's opinion was preclusive Second that disposition of smith and wesson's cross motion Was as well preclusive because these are the same claims and because they had a full and fair opportunity to litigate them And third that preclusion is fundamentally fair in this case starting with the appellate division opinions, there are There are two different points that I want to make this morning The first is that the appellate division's opinion is in fact grounded in substance And then the second is even without having to decide exactly whether it's grounded in substance We very much do think it is it would still be preclusive under restatement 20 So there's two aspects to the appellate division opinion as the chief judge noted this morning First from pages ja593 to 598 is the NAACP discussion Which talks about effectively how a subpoena alone doesn't harm your rights such that the claims are premature And second at ja588 to 599 There's the rightness discussion and I can answer some of the questions that came up about what exactly rightness was referring to good And so I can just start there the rightness discussion on 588 to 599 Matches an issue that came up in the briefing. You can find this at supplemental appendix 25 In which we were arguing that effectively what smith and wesson really want is to prevent a future Enforcement action under the consumer fraud act and anything vis-a-vis the consumer fraud act enforcement would not be right So we presented essentially two different species of arguments about prematurity to the appellate division One we said To the degree they're challenging a subpoena the subpoena alone merely asking questions doesn't violate their constitutional rights And two we said if they're going a step further and trying to prevent a future enforcement action That's not right at this time and the appellate division opinion matches the structure of those arguments Where would we be able to consider that counsel? I mean, I appreciate that but that's not what the appellate division wrote. So Surely, we're not going to go read the briefs and then modify the appellate division's decision Not at all your honor the briefs just give public context So my basic submission about ja593 to 598 is that the NAACP holding Is a holding that a subpoena alone doesn't violate constitutional rights and I have three reasons for that The first is it's inherent in the logic of the opinion To the degree one actually believes that merely asking questions does violate constitutional rights Then it obviously would make sense to allow for constitutional claims to proceed against the subpoena We argued in the state trial court and then again in the state appellate division that merely asking questions doesn't violate rights So this court can see this most clearly at ja511 to 514 We said subpoena doesn't violate your rights. Smith and Wesson came back and said no NAACP shows we do get to do this. We do get to press this challenge now, and we say again This is ja511 to 514 Not so fast NAACP is about a specific kind of claim where you have special Associational or privacy rights that would be affected by merely asking questions So in talking about NAACP That's resolving that dispute. I will spot you judge maybe that the appellate division doesn't say State says a and then smith and wesson says b and the question boils down to c But in answering c it only showed up in the case because of that back and forth fight we were having with smith and wesson So smith and wesson as I understand their argument says but we've also raised these first amendment claims as they dovetail into the second amendment and obviously the state Doesn't agree with those claims But their point as I understand it is what the appellate division Did not pass on that. So how is that? So I don't think that's quite right The appellate division's conclusion was that this whole bevy of constitutional claims are not affected by merely asking questions We haven't made a decision about whether to file an enforcement if we do file an enforcement It's very much live for them to say your decision to enforce the cfa against us Is based on bias is based on our second amendment speech, etc That makes a lot of sense as to the opposition To a subpoena the appellate division's order is the decision is best read to say listen you've raised one real challenge to the In the order to show cause opposition And we we we don't think that there was error by the chancery division and then you raise a bunch of other stuff But it's just premature at this time. Okay, that's a that's a sound way. It's supposed to read the appellate division But I understand smith and wesson's simple right but the gravamen of our federal action Is all of that other stuff and there is no no one has decided not surely they haven't decided on the merits But they haven't considered whether it's right or premature or anything All they all they've done is file it and the district court said I can't consider any of that because it's now all concluded And that's that last part there that i'm trying to figure out the connection Yeah, so two points on that the way this came up in in state court was that we opened with They have not shown subpoenas alone violate constitutional rights and they said yes and double act shows that So we talked about this as a collective whole and if this court looks actually in the last appeal Judge, maybe you'll be familiar with there was an injunction pending appeal that ultimately smith and wesson withdrew But in our opposition to that brief, we actually made the same argument. We said They have no basis to say merely asking questions violates, right? They respond with n double acp and double acp doesn't apply. So we have the same exact back and forth the pages 15 to 16 but And supposing that that's correct and then sounds like the basis for a motion to dismiss under 12 we can't state a claim under any of this, but But that's not what the district court was presented with And in fairness to the district court, it obviously didn't have the benefit of the appellate division's opinion on this so Help me again understand why maybe that's the second part of your argument why that isn't uh, is it a game changer? That's exactly right. So obviously the appellate division opinion wasn't in front of the district court I don't think it changes anything because the appellate division's opinion about n double acp Was a final judgment on the merits in the way that we're talking about it was addressing what a subpoena can or cannot violate As a matter of constitutional law because otherwise the opinion's illogical Otherwise saying oh your claims can't go forward Doesn't make any sense unless you're making a finding that the subpoena doesn't violate rights as we were briefing it And if that's really what smith and wesson thought the appellate division was doing I just don't understand why they didn't appeal if they thought the appellate division said your rights are violated by the subpoena But we find as a matter of constitutional law the claims against the subpoena can't move forward That is tailor-made for an appeal to the new jersey supreme court. I don't think that's what the appellate division was saying I think we give a presumption of regularity to state court opinions And I don't think we make them so illogical in the way we can screw them. But surely Let me just ask you. I mean i've i've section c of the appellate division, uh Opinion says defendants constitutional claims and it says they're not ripe straight on you know You you want us to discount this essentially, uh, the other side saying that that's highly significant what you know How how do we just discount it two points on that i'm not asking you to discount it actually i'm asking you to just Hold it with an alternative holding in the opinion All right I think the bridge saying even if we found otherwise on the double acp we'd still find it unripe is the language of alternative Holdings that's a j598 as your honor noted this morning So I think one is an alternative holding and two I think the best way to understand the ripeness holding is that they were saying it's unripe as to enforcement actions again The way we were briefing the case was the subpoena alone doesn't violate your right and double acp doesn't overcome that general rule If you're upset about the future enforcement action, that's not right I understand the appellate division opinion doesn't say all of the things that match the briefing but the holdings do track how it was being briefed and do match that and again if the other side has a view that The appellate division was coming up with some brand new rule of procedural law and no one had seen before That didn't match the briefing. I don't understand why they didn't appeal So if I could just ask and I don't mean to call you on the carpet here, but is it the state's position that What's what's transpired thus far does not bar or preclude in any way a future action involving enforcement? That's exactly right. So we actually think the conclusion is extremely modest here We think restatement 20 is extremely helpful here restatement 20 sub part 2 Says that when there's a holding that claims are premature That holding is only preclusive until they mature Obviously once they mature all the claims come back and so to the degree that we do more than issue a subpoena Preclusion falls away. And so we actually think that preclusion is pretty narrow here We just think that preclusion does apply to the exact same challenge to the exact same subpoena That was a carbon copy between federal court and state court And I think this is really important to the questions about the investigation That came up so far this morning If we take other investigative steps that smith and wesson chooses to challenge The preclusion question is going to be different if they have arguments about those investigative steps that are different from what we talked about in The subpoena. They don't have those so your honor this morning mentioned that the the prayer for declaratory relief Mentioned in investigation, but I want to deals with the distinctness Inquiry, that's exactly right. I want to make two points about that The first is that smith and wesson said at pages ja 188 to 199 Or to 189 that these two suits quote involve the same claims the enforceability of the attorney general subpoena And the prayer for relief is notable in that while they generally seek declaratory relief that mentions the investigation The injunctive relief where they're actually trying to join specific things We did only talk about the subpoena because they don't have other investigative steps. They're challenging They don't have an enforcement action that they're challenging. They don't have anything beyond the subpoena They're challenging. And so this is most obvious at page j. Well, but the subpoenas would be pursuant to some sort of investigation I don't know if you'd call it that at this point, but it does say investigation in in the prayer for relief That's right. They do mention investigation in their state court filing So this court they don't seek specific relief as to an investigation, but they talk about it there as well It's a j 170 j 181 j 191 j 8 2 12 they're mentioning in an interwoven breath the subpoena and the investigation and at Ja46 they say the article 3 controversy in front of dnj All right, so you're I I am I am I sensing that you're saying the pleading was Not as good as it should have been. I mean what if they straight out said we want an injunction It should preclude the state from investigating this particular matter No, I think I've been doing a good job with the pleading. I think the pleading is accurate to the ground We haven't taken other investigative steps. So in this case the subpoena is the investigation So that's why they're pleading says at j-50 At issue in this case is the subpoena served on smith and wesson by the attorney general on october 13th 2020 so they say we we file the federal action because we think the investigative steps that you're going to take would be Violative of our constitutional rights and the state's response is Well, if we violate those constitutional rights potentially by taking another step, then you can bring an action But that seems to defeat the whole point of their first Of their complaint. I understand their point is why why we want to avoid that and so we would work We want to resolve it now. Yeah, we weren't making a standing argument. We're just making a preclusion argument here What happened at the end of the day? They put an issue a cross motion into the state court proceedings that raised as they admit today at the lectern To their to their credit that they were carbon copy identical arguments and and positions in their cross motion itself Talk about that then because they made much uh In their briefs and today about the summary nature of the opposition to the order to show clause Yeah, so so none of the cases that they were talking about involve a cross motion We statement second of judgment section 23. It's very clear that the disposition of cross claims is itself preclusive And so I know that miss celeste this morning specifically mentioned an analogy to the idea of losing a 12 v6 As a defendant, but that's not what happened. They lost their cross motion to quash. They put the cross motion at issue Before the state court and then what happened is they lost the cross motion and it got rejected So they were effectively the plaintiff We were the defendant as to the cross motion and it's like winning a 12 v6 We had a legal argument. We had briefing in the trial court They had an emergency motion to the trial court the appellate division and to the new jersey supreme court And then we had oral argument we had in both in the state trial court and in the state appellate division We had exactly what you have on a lethal cross motion that is done in a plenary way and they got rejected. Yeah Some points you called it a cross motion. I think at other times you called it a cross claim. It's a cross motion It's a cross motion. Yes, so it's a cross motion. I was mentioning restatement 23 and talking about cross claims That's the analogy to this posture but But does that analogy hold though, right? I mean, that's the that's the whole issue, right? I mean exposure point is yes, and if and if we agree then it would but But it's not apparent to me that claim preclusion Is triggered under the restatement theory on motion practice So my point is twofold one cross motions are the way that you see up the dispute in the context of a subpoena So that's going to have pretty dramatic impact on whether you can ever have preclusion subpoena action one way or the other that is How state courts litigate subpoenas and so that would have I think pretty dramatic impact on new jersey law Including if there's a holding that a cross motion never triggers it I mean Certainly that would be the kind of question you might think about certifying to the new jersey high court before making that decision Because I don't see anything in new jersey law that says cross motion No matter how never see the judgment at the end can't ever support Mindful of all that does the state agree that if there is ambiguity in the appellate division's decision That that ambiguity needs to be resolved against application of preclusion. No, so the only case they cite for that is the pera case It's not a question. It's not a case under new jersey law And it also is specifically about where there was a judgment that didn't give any explanation because the parties had Consented that they were going to drop the case and then change their mind and didn't drop the case It was really confusing what to do with this tentative dismissal order. Was it with prejudice or without prejudice? We have a very clear opinion that matches the briefing that was happening at the time that the other side could have appealed if they Thought it was an unfair judgment And I think what new jersey courts do is give full effect to the first Uh to the first opinion in the case and I do think preclusion is fair here for three basic reasons The first is that smith and wesson had a number of options smith and wesson didn't have to file a cross motion They could have done the usual kind of objections you see in a subpoena to privilege to breath, etc Without bringing in the same first amendment claims second amendment claims, etc into the state court process They made their own choice and that has preclusive effects, but second Appears to argue that the state's investigation Is politically motivated can you respond to that? Yeah, they do argue that that is exactly what was rejected by the state courts both as being premature And obviously the trial court went into more detail and explained why they didn't think it was shown here We we don't think that it's shown on this record We do think we're on a 12 b1 not a 12 b6 And we do think that that is a fight they are welcome to relitigate if we bring an enforcement action or take other investigative steps They're not welcome to litigate it on this particular posture when all we have is the same one unitary subpoena That's been challenging in both for us for every step of the way and if I could just add one last point Thank you. Chief judge, which is that I really do believe Preclusion in this case is modest but critical preclusion is modest because it only lasts for so long As the facts say as they are until the claim does in fact mature because other steps are taken And it's critical because it's the only way to avoid relitigation In the context of the subpoena the summary action arguments and subpoena versus investigation arguments go so far That no matter how they receive the judgment in the appellate division They would always be allowed re-litigation in that context and I don't think merely saying investigation instead of subpoena Or merely saying cross motion doesn't get you preclusion are the kinds of holdings the new jersey courts would reach Thank you. No further questions. We ask the court to affirm. Thank you And we'll hear rebuttal I Think I only have three points The first one though is NAACP I mean what you've heard the AG say is what they argue what they wish the lower court's decision said what they think this court could rewrite it to say but not what it said and You know, the other side didn't mention the doctrine of strict necessity, but that was an important part of the appellate division Decision and if we read it the way that the AG is pushing then That discussion would be surplus surplus surplus so The appellate division invoked the doctrine of strict necessity which requires the courts to avoid resolution of constitutional issues, right? And the strict necessity section of the decision, which is at jia 597 to 598 Would really be superfluous if the appellate division did in fact then address the merits of smith and wesson's constitutional claims implicitly Because it was responding to an argument that the AG made in its briefing that doesn't appear in the opinion. It just doesn't make sense Uh, that was not a merit decision. That was a decision basically about timing about that The appellate division didn't think it was time to address the constitutional arguments that we had made But does that necessarily then void everything else the the Chamber division said I mean our position is that it does and that's because the two the two Opinions cannot exist. They're air together. They're irreconcilable because the appellate division's decision that those Constitutional claims were not right means that the lower court shouldn't have decided them And so those you know, this is not this is not the case where alternative holdings are not overlapping If you call those even alternative holdings it They're irreconcilable next to each other and you know the second point that I just wanted to make is that The ag is really not citing new jersey cases. I mean the The thing that the ag kept citing up here the you know, the solicitor general was Restatement 23 that um, you know, there's not citing any case that's adopted that and by the way that language in the briefs that they Quoted was about cross-claims Actually, I think you said counterclaims and that is not what we had in the summary action below And that is not what we have here. We had a motions practice and the ag keeps saying, you know Maybe you should certify this or maybe new jersey wouldn't sign would find that motions were preclusive But there's no case They have not cited any case and it doesn't need to be certified because the summary actions of the cases that we've been citing to Did not ultimately result in preclusion under new jersey law Finally, I just want to I just want to sort of raise for the court that we have the same issue that we had before Only because the solicitor general has said that there's no pretext here. And you know, he really believes that when we were here last time the court asked what the basis for The subpoena was and there was a misrepresentation of the court. We asked the ag to fix it Wouldn't fix it. We filed a letter just maybe noted that in their opinion when we went to the appellate division The appellate division asked the ag. What was the basis for the subpoena? The ag misrepresented that there was a subpoena that claimed that our weapons were the most superior and that it was a comparative ad We went to ag we asked them what the basis was up for They pointed to an an ad that had nothing to do with that. We went back to the appellate division It's you know, we cited the docket in our briefing on page 13 We filed another letter. We said there's been another misrepresentation And asked the court to consider that We were three years into this. We have never gotten what was the basis for that subpoena in a way that is constitutionally like actionable under the cfa And that calls this whole investigation into question that calls, you know The motives the good faith and all we're asking is to be able to litigate in federal court You know to get to get to those claims and and potentially to have discovery and to have the benefit Of inferences for our client in a case that is presenting some suspicious facts here And it's not enough. It's not enough to say. Hey, maybe one day if we sue you under the cfa then you can get your rights Protected and redressed because the rights are being violated right now. They've been violated right now and Saying that the investigation is no more than the subpoena. It's not correct. There's a bike. How is the right thing violated? How's the right thing violated the requirement that the production of documents was a violation of the rights? The sort of specter of being prosecuted under the cfa is chilling speech um There i'm sure I have other reasons, but this is like an ongoing violation and the investigation is not over I mean that even our response to the subpoena. We don't even know if it's over because it's been ongoing with the ag So this is I mean, this is a case that should be litigated now and we'd ask that the court reverse the decision below Thank you counsel. Thank you We'll take the case under advisement and thank counsel for their excellent briefing in this case and oral argument today And we'd also like